FILED
2010 MAY 13 PM 2:19
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ______ DEPUTY

unsealed 5/21/10

~~SECRET~~

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

January 2010 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>BRIAN ANDREW LA PORTE (1),<br>DANIEL JOHN SCHUETZ (2),<br>MICHAEL WAYNE WICKWARE (3),<br>ROXANNE YVETTE HEMPSTEAD (4),<br>DARRYL ANTHONY WALLACE (5),<br>aka Darryl Anthony White,<br>TERRENCE SMITH (6),<br>aka Terry Lee Smith,<br>Defendants. | Case No. '10 CR 1863 LAB<br>INDICTMENT<br>Title 18, U.S.C., Sec. 1349 – Conspiracy to Commit Wire Fraud; Title 18, U.S.C., Sec. 1343 - Wire Fraud; Title 18, U.S.C., Sec. 2 - Aiding and Abetting; Title 18, U.S.C. Sec. 981(a)(1)(c) and Title 28, U.S.C., Sec. 2461 (c) - Criminal Forfeiture |

The Grand Jury charges:

Count 1

(18 U.S.C. Section 1349 - Conspiracy to Commit Wire Fraud)

1. Beginning on a date unknown to the Grand Jury and continuing thereafter through at least May 2008, within the Southern District of California and elsewhere, defendants BRIAN ANDREW LA PORTE, DANIEL JOHN SCHUETZ, MICHAEL WAYNE WICKWARE, ROXANNE YVETTE HEMPSTEAD, DARRYL ANTHONY WALLACE, aka Darryl Anthony White, and TERRENCE SMITH, aka Terry Lee Smith, did knowingly and intentionally conspire and agree with each other and with others known and unknown to the grand jury to commit wire fraud, that is to knowingly devise a material scheme and artifice to defraud and to obtain money and property by means of materially false

JIS:lml:San Diego
5/12/10

and fraudulent pretenses, representations and promises, and by intentional concealment and omission of material facts, and in executing said scheme, caused writings, signs, signals, and sounds to be transmitted by means of wire in interstate commerce; in violation of Title 18, United States Code, Section 1343.

**PURPOSE OF THE CONSPIRACY**

2. It was a purpose of the conspiracy for the defendants to unlawfully enrich themselves by: (a) submitting false and fraudulent mortgage loan applications and related documents to banks and other lending institutions, thereby inducing the banks and lending institutions to make approximately 36 loans totaling approximately $20,800,000.00; (b) concealing the submission of the false and fraudulent applications and documents and the receipt and transfer of fraud proceeds; and (c) diverting fraud proceeds for their personal use and benefit.

**MANNER AND MEANS**

3. In furtherance of the conspiracy and to effect the objects thereof, the defendants utilized the following manner and means, among others:

a. It was a part of the conspiracy that defendants and others agreed to defraud various mortgage lenders by submitting false loan applications to the lenders to obtain financing to purchase residential properties.

b. It was a further part of the conspiracy that defendants identified properties to purchase in connection with the scheme.

c. It was a further part of the conspiracy that defendants recruited straw purchasers with sound credit ratings but who were otherwise not qualified to purchase the subject properties. Defendants recruited the straw purchasers in a variety of ways, including promising to pay them for each property purchased, promising to pay the mortgage, and promising to find renters for the property.

d. It was a further part of the conspiracy that defendants BRIAN ANDREW LA PORTE and DANIEL JOHN SCHUETZ would prepare materially false and fraudulent loan applications on behalf of the straw purchasers that falsely stated the employment and monthly salaries of the straw purchasers.

e. It was a further part of the conspiracy that defendants caused these false and fraudulent loan applications to be submitted to mortgage lenders, including OwnIt Mortgage Solutions Inc., WMC Mortgage Corp., Argent Mortgage Co., Countrywide Home Loans, First Franklin, and Finance America LLC, and other mortgage lenders (collectively, "the Mortgage Lenders") in order to induce the Mortgage Lenders to provide mortgage loans to the straw purchasers to buy the subject properties.

f. It was a further part of the conspiracy that the Mortgage Lenders would fund the loans via interstate wire transfers.

g. It was a further part of the conspiracy that defendants would cause escrow agents to disburse the funds provided by the Mortgage Lenders to purchase the subject properties to defendants and others so that defendants could funnel to themselves and others the proceeds of the fraud.

All in violation of Title 18, United States Code, Section 1349.

Counts 2-10

(18 U.S.C. Section 1343 - Wire Fraud)

4. The allegations set forth in paragraphs 2 and 3 above are realleged as if fully set forth herein.

5. Beginning on a date unknown to the Grand Jury and continuing through at least May 2008, defendants BRIAN ANDREW LA PORTE, DANIEL JOHN SCHUETZ, MICHAEL WAYNE WICKWARE, ROXANNE YVETTE HEMPSTEAD, DARRYL ANTHONY WALLACE, aka Darryl Anthony White, and TERRENCE SMITH, aka Terry Lee Smith, did devise and intend to devise a material scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses and representations, and omissions of material fact.

6. On or about the dates set forth below, in the Southern District of California and elsewhere, for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud, the defendants BRIAN ANDREW LA PORTE, DANIEL JOHN SCHUETZ, MICHAEL WAYNE WICKWARE, ROXANNE YVETTE HEMPSTEAD, DARRYL ANTHONY WALLACE,

aka Darryl Anthony White, and TERRENCE SMITH, aka Terry Lee Smith, did transmit or cause to be transmitted by means of wire communications in interstate commerce, certain writings, signs, signals, pictures, and sounds, as more particularly described below:

| COUNT | DATE | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|
| 2 | May 19, 2005 | Wire transfer of $29,350.00 from Pacific Standard Financial Group dba Escrow Express to Brian La Porte |
| 3 | August 11, 2005 | Wire transfer of $610,062.59 from Southland Title of San Diego to Pacific Standard Financial Group dba Escrow Express |
| 4 | August 31, 2005 | Wire transfer of $112,676.34 from Lawyers Title Company to Pacific Standard Financial Group dba Escrow Express |
| 5 | October 12, 2005 | Wire transfer of $73,938.54 from Lawyers Title Company to Pacific Standard Financial Group dba Escrow Express |
| 6 | October 27, 2005 | Wire transfer of $206,258.30 from Fidelity National Title to Pacific Standard Financial Group dba Escrow Express |
| 7 | November 2, 2005 | Wire transfer of $73,833.27 from Lawyers Title Company to Pacific Standard Financial Group dba Escrow Express |
| 8 | November 10, 2005 | Wire transfer of $220,512.84 from Fidelity National Title to Pacific Standard Financial Group dba Escrow Express |
| 9 | December 7, 2005 | Wire transfer of $477,461.50 from First Franklin to Old Republic Title Co. |
| 10 | January 31, 2006 | Wire transfer of $395,042.00 from Argent Mortgage Company, Inc., to Lawyers Title Co. |

All in violation of Title 18, United States Code, Sections 1343 and 2.

//

//

//

//

//

FORFEITURE ALLEGATIONS

7. The allegations contained in Counts 1 through 10 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(c), and Title 28, United States Code, Section 2461(c).

8. Upon conviction of the offense of conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349, as set forth in Count 1 of this Indictment, or wire fraud, in violation of Title 18, United States Code, Section 1343, as set forth in Counts 2 through 10 of this Indictment, defendants BRIAN ANDREW LA PORTE, DANIEL JOHN SCHUETZ, MICHAEL WAYNE WICKWARE, ROXANNE YVETTE HEMPSTEAD, DARRYL ANTHONY WALLACE, Darryl Anthony White, and TERRENCE SMITH, aka Terry Lee Smith, shall forfeit to the United States, any property constituting or derived from, proceeds traceable to such offense, including but not limited to a sum of money equal to the total amount of proceeds obtained directly or indirectly as a result of the offense.

9. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), each defendant shall forfeit substitute property, up to the value of the amount described above, if, as a result of any act or omission of said defendant, the property described above, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of this court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

All pursuant to Title 18, United States Code, Section 981(a)(1)(c), and Title 28, United States Code, Section 2461(c).

DATED: May 13, 2010.

A TRUE BILL:

Foreperson

KAREN P. HEWITT
United States Attorney

By: JONATHAN I. SHAPIRO
Assistant U.S. Attorney